IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| PHILLIP WAYNE BRANNON, | ) | Case No. 13-03332-TOM-13 |
| | ) | |
| Debtor. | ) | |

## MEMORANDUM OPINON AND ORDER

This case came before the Court on October 24, 2013, for a hearing on the Debtor's Objection to Claim #2 filed by Sierra Sade Belton. Appearing before the Court were Phillip Wayne Brannon, Debtor; Bradford W. Botes, counsel for Debtor; D. Sims Crawford, Chapter 13 Trustee; Sierra Sade Belton, Claimant; and Brian Falls, Randy Mims, and Joseph Hall, witnesses for the Debtor. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a) and the District Court's General Order Of Reference Dated July 16, 1984, As Amended July 17, 1984.[1] This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(B).[2] This Court has considered the pleadings, arguments, evidence, testimony, and the

---

[1] The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984 issued by the United States District Court for the Northern District of Alabama provides:

The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[2] 28 U.S.C. §157(b)(2)(B) provides as follows:

(b)(2)Core proceedings include, but are not limited to–
(B) allowance or disallowance of claims against the estate . . . [.]

law, and finds and concludes as follows.[3]

## FINDINGS OF FACT[4]

The Debtor and Sierra Sade Belton ("Ms. Belton") were involved in an automobile accident on April 18, 2013. It is undisputed that the Debtor struck the rear passenger side of Ms. Belton's car as he was traveling straight through an intersection and Ms. Belton was turning left at the same intersection. The parties disagree about most other aspects of the accident.

According to the Debtor's testimony, he had just gotten off work at 4:30 p.m. and he was driving his maroon and gold one-ton Chevrolet pickup truck. He testified that as he approached the intersection he had a green light and thus continued to go through the intersection. According to the Debtor he saw a car coming from the opposite direction and enter the turning lane, hesitate, then begin to turn in front of him. He further testified that he let off the gas and braked but still hit the back passenger side of the other car. The Debtor admitted he did not have automobile insurance at the time of the accident; he himself has done some work on his truck and while it is "driveable" it is not "legal."

Testifying on behalf of the Debtor were three witnesses who work with the Debtor. All three represented to this Court that they are not related to the Debtor and that they received no compensation for their testimony. Brian Falls, the first witness for the Debtor, testified that he works

---

[3] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to contested matters in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Bankruptcy Procedure 9014.

[4] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files. *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

with the Debtor and has known him a couple of years. On April 18, 2013, he got off of work at 4:30 p.m. and as he left the parking lot he saw the Debtor's truck behind him. He testified that the traffic light was green as he crossed the intersection where the accident happened. He admitted he did not see the Debtor approach the intersection but if the Debtor had remained behind him the Debtor would have had time to cross the intersection while the light was still green. He did not witness the accident.

Randy Mims, the second witness for the Debtor, testified that he too works with the Debtor and got off work at 4:30 p.m. on April 18, 2013. According to Mr. Mims, he was in the vehicle directly behind the Debtor's truck as he was leaving work. He testified that he remained about 4 or 5 car lengths behind the Debtor, with no other vehicles between them. According to his testimony the light at the intersection was green and he would have been able to go through the intersection with that green light if not for the collision. Mr. Mims stated that in order to avoid the accident he moved into the right lane and turned right into a service station parking lot. He waited with the Debtor until after the police left, then gave the Debtor a ride home.

Another co-worker, Joseph Hall, was the third witness for the Debtor. Mr. Hall testified that he was riding with Mr. Mims in the vehicle behind the Debtor and that he had a clear view of the intersection. According to Mr. Hall, the light was green when the Debtor proceeded through the intersection. He saw Ms. Belton start to turn, the Debtor's brake lights come on, and then the collision. He waited in the service station parking lot with Mr. Mims and the Debtor until after the police left.

Ms. Belton testified on her own behalf. Her testimony regarding the color of the traffic light as she approached the intersection is somewhat confusing. She stated that when she was "far back"

3

from the intersection she watched the traffic light change from yellow to red, then watched it change to green as she pulled up; but she also stated that the light was red when she reached the intersection and did not turn green for a couple of minutes. Nonetheless, her testimony was clear that her traffic light displayed a green arrow when she began to turn at the intersection while the light for the lanes next to her was red. Ms. Belton stated that since her traffic light had a green arrow the Debtor's light must have been yellow, about to change to red. She opined that the Debtor had been trying to "beat the light" when he crossed the intersection and struck her car. Ms. Belton admitted, however, that she could not see the color of the Debtor's traffic light. According to Ms. Belton, and contrary to the testimony of the Debtor and his three witnesses, the Debtor, Mr. Falls, Mr. Mims, and Mr. Hall had all been riding in the same vehicle at the time of the accident. Ms. Belton was the only person to testify on her behalf although she had a passenger in the front seat of her vehicle when the accident occurred; she stated that her passenger had fled the scene before the police arrived.

According to Ms. Belton, she called her insurance company and consulted an attorney on the day of the accident but did not seek medical attention that day. She testified that the following day, April 19, 2013, she called an ambulance to take her to the emergency room at DCH Hospital because she was in pain, and that she continued to seek medical treatment thereafter. Ms. Belton testified that she had filed a state district court suit against the Debtor for the losses she suffered as a result of the accident but the Debtor filed this bankruptcy case before that case could be concluded. Ms. Belton introduced into evidence various documents to evidence her losses including documents relating to the value of her vehicle and medical bills, as well as photographs of the intersection taken by an attorney after the accident. According to her testimony, she had only liability insurance coverage and therefore could not recover from her insurance carrier.

4

Ms. Belton has filed a Proof of Claim in this bankruptcy case in the amount of $20,000 for her alleged losses resulting from the accident that she asserts was the Debtor's fault. The Debtor denies any liability for the accident and objects to Ms. Belton's claim on that ground.

## CONCLUSIONS OF LAW

In order to determine whether Ms. Belton's claim is due to be paid by the Debtor, this Court must determine which of the parties is at fault for the accident. This dispute is a classic case of "he-said, she-said," as both Ms. Belton and the Debtor claim to have had a green light at the intersection when the accident occurred. This Court must consider the testimony and evidence before it to determine who did in fact have the green light and is therefore not at fault. The only evidence presented at the hearing regarding who was at fault was testimony of the Debtor, the three witnesses for the Debtor, and the testimony of Ms. Belton on her own behalf. Both Ms. Belton and the Debtor agree that when the accident occurred the Debtor was driving straight through the intersection, Ms. Belton was turning left, and the Debtor's vehicle struck Ms. Belton's vehicle in the rear passenger side. The only question remaining is which of them had the green light.

Ms. Belton testified that she had a green light at the intersection. The Debtor testified that the light was green on his side of the intersection. The testimony of each of the parties appeared sincere; neither seemed to have testified with the intent to deceive this Court. Regardless, only one of them is correct. Ms. Belton was the only witness to testify on her own behalf. Three witnesses, in addition to the Debtor, testified that the traffic light was green on the Debtor's side when he crossed the intersection. The fact that the Debtor had three impartial witnesses who testified on his behalf while Ms. Belton had no additional witnesses does not mean that this Court must conclude that the Debtor had the green light, but it is a fact that must be considered. *Woodard v. Fanboy,*

5

*LLC*, 298 F.3d 1261, 1266 n.7 (11th Cir. 2002) ("The strength of evidence does not necessarily depend upon the number of witnesses who testify; but the number is a legitimate consideration among other things, such as whether the single witness in opposition is an interested party."). Each of the witnesses for the Debtor appeared to be credible. None of their testimony was contradictory. None of the witnesses are related to the Debtor, and none received compensation for testifying. In contrast, the testimony of Ms. Belton was somewhat confusing at times with regard to the color of the traffic light as she first approached the intersection. Ms. Belton's testimony is also contradictory to that of the Debtor and all three of his witnesses as she asserts that all four men had been traveling in the same vehicle when the accident happened. This Court cannot ignore the overwhelming evidence in the Debtor's favor. The Debtor presented three credible witnesses whose testimony was consistent with his own, while the only relevant evidence provided by Ms. Belton was her own testimony which was confusing and contradictory at times.

The photos of the intersection introduced by Ms. Belton were taken after the accident and therefore do not show who had the green light when the accident happened. Ms. Belton's bills could help prove the losses she had from the accident but again do not answer the question of who had the green light at the time of the accident. Given the overwhelming evidence in favor of the Debtor, this Court must conclude that the Debtor had a green light and was properly crossing the intersection at the time his truck struck Ms. Belton's car.

Because this Court concludes that the Debtor was not at fault in the accident that caused Ms. Belton's losses, Ms. Belton is not entitled to receive payment from the Debtor through this bankruptcy case or otherwise. Accordingly, it is hereby

**ORDERED** that the Debtor's Objection to Claim #2 filed by Sierra Sade Belton is

**SUSTAINED** and Claim #2 is **DISALLOWED**.

Dated: November 18, 2013

                                                         /s/ Tamara O. Mitchell
                                                        TAMARA O. MITCHELL
                                                        United States Bankruptcy Judge

TOM/dgm

xc: Bradford W. Botes
    Debtor
    Sierra Sade Belton
    Chapter 13 Trustee

7